(84 South. 564)

CRAWFORD et al. v. E. C. PAYNE LUMBER CO. (8 Div. 665.)

(Court of Appeals of Alabama. Oct. 21, 1919.)

CONTRACTS ⬯221(3) — OWNER'S AGREEMENT WITH MATERIALMAN HELD TO REQUIRE PAYMENT FOR MATERIAL, THOUGH BUILDING WAS NOT COMPLETED.

Agreement of building owner with materialman, on which materials were furnished to the building contractor *held* to bind owner to pay for the materials conforming to specifications and entering into the building, though building was not completed according to building contract; reference to such contract being to identify building into which the material was to be placed.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Assumpsit by the E. C. Payne Lumber Company against Mrs. Ella Crawford and another. Judgment for plaintiff, and defendants appeal. Affirmed.

S. A. Lynne, of Decatur, for appellants.

Court undoubtedly erred in giving the affirmative charge for the plaintiff. 13 Corpus Juris, 757; Paige on Contracts, § 1497.

Tennis Tidwell, of Albany, for appellee. No brief reached the Reporter.

SAMFORD, J. The defendants were under contract with one Ross, whereby Ross was to furnish the material and build for defendants a residence in accordance with certain plans and specifications of an architect; the contract price being about $3,900. The plaintiff furnished the lumber for the building upon an order given by Ross and directed to defendants, which order was accepted by the defendants in the following words:

"The undersigned, Mrs. Ella Crawford, and her husband, W. E. Crawford, hereby accept the above order, but their acceptance is only to bind them to pay for all lumber, building material, and building supplies heretofore furnished or which are to be hereafter furnished by the said E. C. Payne Lumber Company to the said R. C. Ross, to be used in the construction or erection of the building or residence provided for by the contract hereinabove described and made a part of the order hereinabove described, which contract is here made a part of this acceptance, so as to identify the building for which the materials are to be furnished.

"The undersigned by their acceptance agree and bind themselves to make payment every two weeks for the lumber, building material and building supplies, so furnished by the E. C. Payne Lumber Company, to the said R. C. Ross, for the construction or erection of said building.

"Dated this 29th day of July, 1914.
"Mrs. Ella Crawford and W. E. Crawford."

In the order was this stipulation:

"It is the true intent and purpose of this order to direct, empower, authorize and order the said Mrs. Ella Crawford to pay to the said E. C. Payne Lumber Company, out of the contract price of the said building, or out of the amount I am to receive for all lumber, building material and building supplies furnished for said building by the said E. C. Payne Lumber Company, for said material and building supplies are to be charged against me, and are to be deducted from the contract price or the amount I am to receive under the contract for the erection of said residence or building."

Both the order and acceptance were in writing. The amount of material furnished was shown to be not over $1,200, and the amount actually paid to the contractor, or on his order, on estimates of the architect, was about $3,500. The balance due this plaintiff is about $198. It is true that the contract between Ross and defendants became a part of the contract of acceptance, so far as applicable, but the agreement on the part of defendants to pay plaintiff for material furnished was not thereby conditioned upon Ross finishing the house according to the plans and specifications, or the acceptance of the house by the defendants. Otherwise the plaintiffs would have become the guarantors of Ross that he would finish the house according to the plans and specifications. By the terms of the acceptance,

the building contract became a part of the acceptance contract only, for the purpose of identifying the house into which the material was to be placed, and when accepted and placed in the building the obligation of plaintiff was at an end. If it had been shown that the material furnished was not in accordance with the specifications, a different question might have been presented, but the objection of defendants is not based on this ground. It is quite clear to us from the facts in this case that Ross, being under contract with defendants to build a certain house, was unable to buy the material on his own credit; the defendants were willing to furnish this credit, provided the material bought was used in the construction of the house contracted for; the plaintiff was willing to furnish the material on the credit of defendants and assume the responsibility of seeing that the material so furnished conformed to the specifications required and went into the identical house of defendants. That the material was furnished, that it was accepted, that it went into the construction of defendants' house, and that it aggregated the value claimed is not disputed. As to whether Ross ever completed the house according to the plans and specifications, or whether the architect ever gave him a written and final certificate were immaterial facts. The plaintiff was entitled to the general affirmative charge, and the court committed no error in giving it as requested.

We find no error in the record, and the judgment is affirmed.

Affirmed.